UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN JIMENEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>B. CATES, et al.,<br><br>        Defendants. | Case No.: 1:23-cv-01376-CDB<br><br>**ORDER DIRECTING CLERK OF THE COURT TO UPDATE PLAINTIFF'S ADDRESS OF RECORD**<br><br>**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE IN WRITING WHY THIS ACTION SHOULD NOT BE DISMISSED FOR HIS FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**21-DAY DEADLINE** |

Plaintiff Juan Jimenez is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.     INTRODUCTION**

On October 6, 2025, this matter was reassigned from Magistrate Judge Gary S. Austin to the undersigned. (Doc. 9.) That same date, the reassignment order was served to Plaintiff at his address on record with the Court.

On October 23, 2025, the United States Postal Service returned the reassignment order marked "Undeliverable," "Refused," and "Unable to Forward." That same date, the Clerk of the Court updated Plaintiff's address and re-served the reassignment order, noting "per Returned Mail to Mule Creek State Prison …."

On November 20, 2025, the Court issued its First Screening Order. (Doc. 11.) Specifically, the undersigned found Plaintiff's complaint failed to state a cognizable claim against any named Defendant; Plaintiff was granted leave to file a first amended complaint, curing the deficiencies identified therein, or a notice of voluntary dismissal, within 21 days. (*Id*. at 10-11.) The screening order was served to Plaintiff at his new address on record with the Court. More than 30 days have now passed, and Plaintiff has failed to respond to the Court's First Screening Order in any way.

## II. DISCUSSION

The Local Rules,[1] corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Here, Plaintiff has failed to obey the Court's November 20, 2025, screening order requiring him to file a first amended complaint or a notice of voluntary dismissal. Nor has Plaintiff sought an extension of time within which to do so. Moreover, the undersigned notes that a search of the California Department of Corrections and Rehabilitation (CDCR)'s inmate locator tool reveals that Plaintiff is now incarcerated at the Substance Abuse Treatment Facility in

---

[1] In this Court's September 20, 2023, order, Plaintiff was advised "the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules") …. Failure to so comply with be grounds for imposition of sanctions which may include dismissal of the case." (*See* Doc. 4 at 1 [First Informational Order in Prisoner/Civil Detainee Civil Rights Case].) The same order states "all Court deadlines are strictly enforced. Requests for extensions of time must be filed before the deadline expires and must state good reason for the request." (*Id*. at 5.)

Corcoran, California. (*See* https://ciris.mt.cdcr.ca.gov/results?cdcrNumber=AX0702, as of 12/16/2025.)

      Despite at least two transfers since filing suit, Plaintiff has failed to update his address with the Court. It is his obligation to do so. *See* Local Rules 182(f) ("Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the prior address … shall be fully effective") & 183(b)[2] ("A party appearing in pro propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in pro propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute"); *see also* Doc. 4 at 1, 5 [First Informational Order].)[3]

      Although the Court elected to consult the CDCR's inmate locator tool on this occasion and will direct the Clerk of the Court to update Plaintiff's address, the Court is *not* obligated to do so. It is Plaintiff's responsibility to keep the Court apprised of his current address throughout the course of the litigation. **Plaintiff is warned that in the event he fails to keep the Court apprised of any change in address moving forward, the undersigned will recommend this action be dismissed for a failure to obey court orders and this Court's Local Rules, and for a failure to prosecute**. Further, Plaintiff is encouraged to use the Notice of Change of Address form previously provided by the Court for this purpose.

### III.    CONCLUSION AND ORDERS

Accordingly, the Court **ORDERS** as follows:

1. The Clerk of the Court is **DIRECTED** to update Plaintiff's address to reflect he is now housed at the Substance Abuse Treatment Facility in Corcoran, California; and

2. Plaintiff **SHALL** show cause in writing, **within 21 days** of the date of service of this

---

[2] Amended January 1, 2025, to reflect a 30-day deadline.

[3] A Notice of Change of Address form was included for Plaintiff's use. (*See* Doc. 4 at 7.)

order, why this action should not be dismissed for his failure to comply with the Court's order of November 20, 2025. Alternatively, within that same time, Plaintiff may file a first amended complaint or a notice of voluntary dismissal. Plaintiff may also file notice that he elects to stand on his complaint filed September 20, 2023, the practical effect of which will result in the undersigned recommending this action be dismissed for Plaintiff's failure to state a claim upon which relief can be granted.

**Failure to comply with this Order to Show Cause (OSC) will result in a recommendation that this action be dismissed without prejudice for Plaintiff's failure to obey court orders and failure to prosecute. Further, should Plaintiff fail to comply with the Local Rules concerning his continuing obligation to keep the Court apprised of his current address, the undersigned will recommend this action be dismissed on that basis.**

IT IS SO ORDERED.

Dated: __December 16, 2025__              _____
                                          UNITED STATES MAGISTRATE JUDGE